# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

CLAY E. RUSSELL,

                    Plaintiff,

v.

CITY OF MILWAUKEE HOUSING,
ANTONIO PEREZ, CITY OF
MILWAUKEE HOUSING AUTHORITY
PUBLIC SAFETY, G. MOORE, J.
SANTOS, and J. CRAINEY,

                    Defendants.

Case No. 18-CV-1759-JPS

**ORDER**

Plaintiff, proceeding *pro se*, filed a complaint in this matter and a motion for leave to proceed *in forma pauperis*. (Docket #1 and #2). In order to allow a plaintiff to proceed without paying the $400 filing fee, the Court must first decide whether the plaintiff has the ability to pay the filing fee and, if not, whether the lawsuit states a claim for relief. 28 U.S.C. §§ 1915(a), (e)(2)(B).

On the question of indigence, although Plaintiff need not show that he is totally destitute, *Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980), it must be remembered that the privilege of proceeding *in forma pauperis* "is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them," *Brewster v. N. Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). Plaintiff's motion states that his only income is from Social Security disability insurance, and his monthly expenses nearly equal the amount of that benefit. (Docket #2). In light of these representations, the Court finds that Plaintiff is indigent for purpose of

prepaying the filing fee. He will be granted leave to proceed *in forma pauperis*.

Notwithstanding the payment of any filing fee, however, when a plaintiff asks leave to proceed *in forma pauperis*, the Court must screen the complaint and dismiss it or any portion thereof if it has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The Court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that he is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary to plead specific facts; rather, the plaintiff's statement need only "give the defendant fair notice of what the…claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing

*Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Vill. of N. Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff alleges that he resides in public housing provided by the City of Milwaukee. (Docket #1 at 2). On September 6, 2018, two Milwaukee Housing Authority Public Safety Officers, Defendants J. Santos and J. Crainey, searched Plaintiff's residence without his consent. *Id.* Plaintiff says they entered on "false allegations," namely that a smoke alarm had been triggered, when this was not the case. *Id.* Plaintiff does not explain what happened after the search, if anything. *Id.*

Plaintiff's allegations, viewed generously, state a claim under the Fourth Amendment. The Fourth Amendment proscribes unreasonable searches and seizures by government officials. U.S. Const. amend. IV. Maintaining the sanctity of one's person and home from police intrusion is the primary goal of the Fourth Amendment. *Hawkins v. Mitchell*, 756 F.3d 983, 991 (7th Cir. 2014). This protection may give way, however, if the police have a search warrant or some other recognized justification for searching a person or property. *Johnson v. Manitowoc Cnty.*, 635 F.3d 331, 335 (7th Cir.

2011). Though his complaint is sparse on detail, the Court can infer that the public safety officers were acting under the color of law and that their search of Plaintiff's apartment was not supported by adequate justification. Whether the facts bear this out, or whether the officers have any procedural or substantive defenses for their actions, must be determined at a later date. None of the other defendants have factual allegations tying them to any alleged wrongdoing, and so they will be dismissed.

Federal Rule of Civil Procedure 4(c)(3) provides that the Court must order service by the U.S. Marshal if a plaintiff is authorized, as he is in this case, to proceed *in forma pauperis* under 28 U.S.C. § 1915. *See Williams v. Werlinger*, 795 F.3d 759, 760 (7th Cir. 2015). However, Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the Court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the Court or by the U.S. Marshals Service. Thus, the Court will allow Plaintiff to elect, within fourteen days, whether he desires service by the U.S. Marshal or whether he will obtain service of his own accord. If Plaintiff wants to effect service himself, he should simultaneously file a request for the Clerk of the Court to issue a service packet to him.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Docket #2) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Defendants City of Milwaukee Housing, Antonio Perez, City of Milwaukee Housing Authority Public

Safety, and G. Moore be and the same are hereby **DISMISSED** from this action;

IT IS FURTHER ORDERED that Plaintiff shall file, within fourteen days, a notice indicating which method of service he desires.

Dated at Milwaukee, Wisconsin, this 8th day of November, 2018.

BY THE COURT:

_____

J. P. Stadtmueller
U.S. District Judge