# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| CLAY E. RUSSELL,<br><br>        Plaintiff,<br><br>v.<br><br>JOSEPH SANTOS and JOSEPH KROENING,<br><br>        Defendants. | Case No. 18-CV-1759-JPS<br><br>**ORDER** |

**1. INTRODUCTION**

Plaintiff formerly resided in Holton Terrace, an apartment building for seniors and disabled adults, operated by the Housing Authority of the City of Milwaukee ("HACM"). Defendants are public safety officers employed by HACM. Plaintiff claims that they entered his apartment against his will, thereby violating his Fourth Amendment rights. Defendants have moved for summary judgment. For the reasons explained below, their motion must be granted.

**2. STANDARD OF REVIEW**

Federal Rule of Civil Procedure 56 provides that the "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Boss v. Castro*, 816 F.3d 910, 916 (7th Cir. 2016). A "genuine" dispute of material fact is created when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court construes all facts and reasonable inferences in a light most

favorable to the non-movant. *Bridge v. New Holland Logansport, Inc.*, 815 F.3d 356, 360 (7th Cir. 2016).

In assessing the parties' proposed facts, the Court must not weigh the evidence or determine witness credibility; the Seventh Circuit instructs that "we leave those tasks to factfinders." *Berry v. Chi. Transit Auth.*, 618 F.3d 688, 691 (7th Cir. 2010). Internal inconsistencies in a witness's testimony "'create an issue of credibility as to which part of the testimony should be given the greatest weight if credited at all.'" *Bank of Ill. v. Allied Signal Safety Restraint Sys.*, 75 F.3d 1162, 1170 (7th Cir. 1996) (quoting *Tippens v. Celotex Corp.*, 805 F.2d 949, 953 (11th Cir. 1986)). The non-movant "need not match the movant witness for witness, nor persuade the court that [its] case is convincing, [it] need only come forward with appropriate evidence demonstrating that there is a pending dispute of material fact." *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 921 (7th Cir. 1994).

3. **RELEVANT FACTS**

Viewed in a light most favorable to Plaintiff, the record evidence establishes the following material facts.[1] On September 6, 2018, HACM's alarm system reported that a smoke alarm had gone off in HACM's Merrill

---

[1]Plaintiff did not properly dispute Defendants' statements of fact in accordance with the rules of summary judgment procedure. Those rules provide that a response to a statement of facts must include "a response to each paragraph, including, in the case of any disagreement, specific references to the affidavits, declarations, parts of the record, and other supporting materials relied upon[.]" Civ. L. R. 56(b)(2)(B)(i); *see also* Fed. R. Civ. P. 56(c)(1). While Plaintiff did respond to each of Defendants' proposed facts, and stated that he disputed certain facts, none of his disputes are accompanied by citations to the record. *See generally* (Docket #41). Plaintiff's refusal to follow the rules would typically mean that Defendants' facts would be deemed undisputed. Fed. R. Civ. P. 56(e). However, because the facts of this case are so brief, and the record so limited, the Court has generously pieced the parties' factual disputes together on its own. The Court's efforts do not change the result of this Order.

Park apartment building. Defendants were dispatched to check on the alarm, but were inadvertently directed to Holton Terrace. They arrived at Plaintiff's apartment and informed him of the smoke alarm issue. Plaintiff responded that no alarm had sounded and that everything was fine in his apartment. Plaintiff notes that there was no fire, smoke, or even a smell of either in his unit or the hallway outside of it. The area was also calm; residents were not, for instance, fleeing a fire.

Defendants nevertheless pressed Plaintiff for permission to enter the apartment so that they could check his smoke alarm and look for damage to the property. Plaintiff resisted. Defendants told Plaintiff that they had a right to enter his apartment because the lease he signed required him to cooperate with HACM public safety officers. Plaintiff's lease provided that he needed to comply with the HACM Resident Handbook (the "Handbook"). The Handbook, in turn, told residents like Plaintiff that they were required to cooperate with public safety officers and not interfere with them in the performance of their duties.

According to Plaintiff, Defendants also threatened him with a "violation" to coerce him to let them in. He does not explain exactly what that means. Defendants assert that Plaintiff eventually relented and allowed them in, while Plaintiff insists that he never gave them permission. Either way, Defendants did enter the unit and briefly looked around. Finding no evidence of fire and no problems with the smoke alarm, they soon left.

4. **ANALYSIS**

The Fourth Amendment protects the privacy of a person's home from unreasonable government intrusion. *Hawkins v. Mitchell*, 756 F.3d 983, 991–92 (7th Cir. 2014). A search of a dwelling without a warrant is

presumptively unreasonable. *Id.* This is precisely what Defendants did in this case; they entered and searched Plaintiff's apartment, albeit briefly, without a warrant to do so.

There are a number of exceptions to the warrant requirement. Defendants argue that two such exceptions are present in this case which would absolve them of Fourth Amendment liability. First, Defendants assert that Plaintiff voluntarily consented to the search. *United States v. Rahman*, 805 F.3d 822, 831 (7th Cir. 2015) ("Because a person may voluntarily waive his Fourth Amendment rights, no warrant is required where the defendant consents to a search."). Defendants initially rely Plaintiff's agreement to abide by the policies contained in the Handbook as evidence of his consent to the search. Plaintiff counters that the Handbook says nothing about waiving his constitutional rights in their entirety. Next, Defendants say that Plaintiff also gave them "grudging" verbal consent to enter the unit that night. Plaintiff, as noted above, is adamant that he did no such thing. Defendants further argue that, assuming they had consent to search, the scope of their search was limited and reasonable.

The Court concludes that Plaintiff has raised triable issues of fact on the matter of consent. The Handbook is rather vague with respect to the scope of the cooperation residents must give to public safety officers. It certainly falls short of expressly permitting warrantless searches of apartments at any time. A jury would need to determine the full import of the Handbook's language. As to verbal consent, this is a straightforward and direct dispute of fact. Without a definitive expression of consent, the Court need not reach the reasonableness of the search.

The second potentially applicable exception is exigent circumstances. Warrantless searches "will be allowed when police have a

reasonable belief that exigent circumstances require immediate action and there is no time to secure a warrant." *United States v. Lenoir*, 318 F.3d 725, 730 (7th Cir. 2003). Exigent circumstances may be present when police are seeking to address a risk of danger to persons inside or outside a home. *Id.* The presence of exigent circumstances is assessed from the position of a reasonable person in the officer's shoes, seeing what the officer saw and hearing what they heard. *Martinez v. City of Chi.*, 900 F.3d 838, 845 (7th Cir. 2018).

Defendants claim that they reasonably believed that Plaintiff's smoke alarm had sounded, and so could infer that there was a fire in Plaintiff's apartment. This is true even though they later determined that their dispatch to his unit was erroneous. Obviously, a fire in a large apartment building presents grave danger not only to Plaintiff, but to all other residents. Defendants further assert that they did not need to take Plaintiff at his word that things were fine in the apartment.

As with the consent issue, Plaintiff has adequately disputed the facts material to whether exigent circumstances were present. He notes that there was no fire alarm sounding, in his unit or the building generally. Additionally, there was no sign of smoke or fire anywhere, and the residents of the building appeared calm. Whether these circumstances were enough to dispel Defendants' belief in the exigency of the situation would need to be decided by the trier of fact.[2]

---

[2]Defendants state that Plaintiff bears the burden to prove that he did not consent to the search, and that exigent circumstances did not exist. Their arguments suggest that he needed to prove those things now, in response to their summary judgment motion. This is false. Though Plaintiff may ultimately bear the burden of proof of those and other matters, at this stage, he need only raise triable disputes of fact. He has done so.

It would appear that this case should be submitted to a jury, then, if it were not for Defendants' final argument for dismissal—qualified immunity. Qualified immunity protects government officials from civil liability when they perform discretionary functions "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). "Put simply," says the Supreme Court, "qualified immunity protects 'all but the plainly incompetent or those who knowingly violate the law.'" *Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015) (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)).

Plaintiff bears the burden to defeat the defense once raised, and must prove two elements to do so. *Weinmann v. McClone*, 787 F.3d 444, 450 (7th Cir. 2015). First, Plaintiff must proffer facts which, if believed, amount to a violation of his constitutional rights. *Id.* Second, he must show that his right to be free from such a violation was "clearly established under applicable law at the time and under the circumstances that the defendant official acted." *Easterling v. Pollard*, 528 F. App'x 623, 656 (7th Cir. 2013) (citing *Pearson v. Callahan*, 555 U.S. 223, 232 (2009)). To be clearly established, "precedent must be clear enough that every reasonable official would interpret it to establish the particular rule the plaintiff seeks to apply." *Dist. of Columbia v. Wesby*, 138 S. Ct. 577, 589–90 (2018) (citations and quotations omitted). While courts "do not require a case directly on point, . . . existing precedent must have placed the statutory or constitutional question beyond debate." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011).

Viewing the evidence most favorably to Plaintiff, and consistent with the analysis above, the Court can assume that the first element of qualified immunity is met. The heart of Defendants' argument rests on the

second element. This is, however, where Plaintiff falters. Plaintiff's discussion of qualified immunity is largely a recitation of its general contours. *See* (Docket #40 at 4–6). Plaintiff makes no attempt to point the Court to closely analogous cases demonstrating that Defendants should have clearly known that what they were doing would violate Plaintiff's Fourth Amendment rights; for instance, that they could not have relied on the Handbook Policy, or that exigent circumstances were clearly absent. Though Plaintiff is a *pro se* litigant, the Court cannot construct arguments on his behalf. *Kelly v. Null*, 403 F. App'x 96, 97 (7th Cir. 2010). The Court must conclude, then, that qualified immunity applies to Defendants' conduct, and that they are entitled to summary judgment on that basis.[3]

**5.    CONCLUSION**

In light of the foregoing, Defendants' motion must be granted and this action dismissed with prejudice.

Accordingly,

**IT IS ORDERED** that Defendants' motion for summary judgment (Docket #32) be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice**.

The Clerk of the Court is directed to enter judgment accordingly.

---

[3]Unlike the elements of Plaintiff's Fourth Amendment claim, which he does not need to prove until trial, Plaintiff is required to defeat Defendants' assertion of qualified immunity at this juncture. This is because qualified immunity is a right to avoid trial itself, not just protection from ultimate liability. *Brosseau v. Haugen*, 543 U.S. 194, 198 (2004).

Dated at Milwaukee, Wisconsin, this 22nd day of October, 2019.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge